UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

—————————————————————
                                                    )
ALLEGRO SOFTWARE DEVELOPMENT CO.,    )
                                                    )
                   Plaintiff,                       )          Civil Action No. 1:12-cv-11636-WGY
                                                    )
            vs.                                     )
                                                    )
A10 NETWORKS, INC.,                                 )
                                                    )
                   Defendant.                       )
                                                    )
—————————————————————)

**MEMORANDUM IN SUPPORT OF DEFENDANT A10 NETWORKS, INC.'S MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**INTRODUCTION**

This Motion is directed to Count II (Misappropriation of Confidential Information and

Trade Secrets), Count III (Misappropriation of Trade Secrets, M.G.L. ch. 93, § 42), and Count

IV (Unfair and Deceptive Trade Practices, M.G.L. ch. 93A, § 11) of Plaintiff Allegro Software

Development Corp.'s ("Allegro") Complaint.  Pursuant to Fed. R. Civ. P. 12(c), Defendant A10

Networks, Inc. ("A10") moves that this Court enter a partial judgment on the pleadings in A10's

favor and dismiss Counts II, III, and IV in their entirety, on the grounds that those causes of

action are preempted by the federal Copyright Act, 17 U.S.C. §§ 101, *et seq.*, as a matter of law.

**ARGUMENT**

**I.    Standard of Review.**

A party may move for judgment on the pleadings at any time "[a]fter the pleadings are

closed," so long as the motion will not delay trial. Fed. R. Civ. P. 12(c).  A motion for judgment

on the pleadings "implicates the pleadings as a whole," *Aponte-Torres v. Univ. of P.R.*, 445 F.3d

50, 54-55 (1st Cir. 2006), and should be granted if, even when "taking all the complaint's well-pled allegations as true and viewing all other facts in a light most favorable to" the non-moving party, the complaint fails to state a plausible claim for relief, *Downing v. Globe Direct LLC*, 682 F.3d 18, 22 (1st Cir. 2012); *accord Bennett v. Amadio*, No. 12-10377-WGY, 2012 WL 5245282, *2 (D. Mass. Oct. 23, 2012).

## II.     Plaintiff's State Law Trade Secret Claims And Its State Law Unfair Trade Practices Claim Are Preempted By Federal Copyright Law.

From the moment Allegro threatened these claims, it knew it was alleging claims properly examined under copyright law. *See* Compl., Exs. D, E (threatening a copyright lawsuit). But for reasons unknown, Allegro now asks this Court to ignore copyright's well-contemplated balance of protections and allow what is obviously a federal copyright claim to be adjudicated under the guise of either state trade secret or unfair trade practices law (Counts II, III and IV of its Complaint). By attempting to do so, Allegro ignores copyright's express preemption of such state law claims. Defendant is entitled to relief as a matter of law because the claims of misappropriation of confidential information and trade secrets, misappropriation under Mass. Gen. Laws ch. 93, § 42, and unfair and deceptive trade practices under Mass. Gen. Laws ch. 93A, § 11 are all preempted by federal copyright law. *See* 17 U.S.C. § 301.

### A.     Standards for Evaluating Section 301 Preemption.

Section 301(a) of the Copyright Act states:

On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

2

17 U.S.C. § 301(a).  A state law claim is preempted under Section 301 when the work of authorship in question falls within the subject matter of copyright as defined by 17 U.S.C. § 102, and the state-created right is equivalent to the rights created by the Copyright Act.  *John G. Danielson, Inc. v. Winchester-Conant Properties, Inc.*, 186 F. Supp. 2d 1, 27-28 (D. Mass. 2002), *aff'd in relevant part,* 322 F.3d 26, 44-45 (1st Cir. 2003).  A claim survives preemption only if the state cause of action requires an extra element "beyond mere copying, preparation of derivative works, performance, distribution or display" such that the cause of action is "qualitatively different from" a copyright claim.  *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1164 (1st Cir. 1994); *accord Lyons v. Gillette*, 882 F. Supp. 2d 217, 232 (D. Mass. 2012).

"The test to determine whether a cause of action includes an extra element that changes the nature of the action to make it qualitatively different from a copyright infringement claim is functional and fact-specific." *Real View, LLC v. 20-20 Techs., Inc.*, 789 F. Supp. 2d 268, 273 (D. Mass. 2011).  "[A] cause of action will not be saved from preemption merely by elements such as awareness, intent, or commercial immorality, which alter the action's scope but not its nature." *Rubin v. Brooks/Cole Publ'g Co.*, 836 F. Supp. 909, 923 (D. Mass. 1993) (citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 717 (2d Cir. 1992)); *see also Feldman v. Twentieth Century Fox Film Corp.*, 723 F. Supp. 2d 357, 360 (D. Mass. 2010) ("Elements of intent or commercial malfeasance are not sufficient to save a state claim from preemption.").

Moreover, to avoid emphasizing form over substance a court should avoid "distinguishing between preempted and nonpreempted causes of action based on the (usually self-serving) label affixed by a party."  6 <u>Patry on Copyright</u> § 18:17 (2013).  Rather, a court must consider "what plaintiff seeks to protect, the theories in which the matter is thought to be

protected and the rights sought to be enforced." *Computer Associates*, 982 F.2d at 716.  Where

the plaintiff seeks to protect rights equivalent to those set forth in Section 106 of the Copyright

Act, its claims will be preempted even if the general theory of liability invoked by the plaintiff

might be broad enough to encompass non-preempted causes of action.  *See, e.g.*, *Patricia*

*Kennedy & Co. v. Zam-Cul Enters., Inc.*, 830 F. Supp. 53, 57-58 (D. Mass. 1993) (c. 93A claim

based on unauthorized use of image preempted, but c. 93A claim based upon deception in

acquisition of image not preempted).

     In this case, Allegro's trade secret claims and its unfair and deceptive trade practices

claim are entirely based on A10's alleged unauthorized use of Allegro's software.  Compl. ¶¶ 38-

59.  Software is indisputably within the subject matter of copyright under 17 U.S.C. § 102.  *See*

*Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 813 n.5 (1st Cir. 1995).  Allegro's claims

amount to nothing more than an allegation that A10 "used" Allegro software without

permission.  Compl. ¶¶ 46, 53, 57.  Indeed, Allegro's demand letters are phrased in terms of

copyright infringement, *see* Compl. Exs. D and E, and its Complaint inescapably echoes the

language of derivative works – a term of art drawn directly from copyright doctrine – when

attempting to pursue the allegedly actionable conduct under other theories of tort.  *See, e.g.*, *id.*

¶ 32 ("All of the above mentioned A10 products include Executable Code that is derived from

Allegro's Source Code.").  None of these three claims includes any additional element that

transforms the claim to be qualitatively different in kind from a copyright claim.  Accordingly,

this Court should find all three claims preempted under federal copyright law.

> **B.      Allegro's Trade Secret Claims are Preempted Because Allegro Fails to Allege**
> **Facts that Make Its Claims Qualitatively Different from a Copyright Claim.**

     Allegro summarizes its common law trade secret claim (Count II) as follows:  "Allegro

has learned that A10 is using Allegro's software outside the terms and scope of the Agreement."

Compl. ¶ 27.  Allegro alleges that A10's software "incorporates trade secrets" and that "A10 misappropriated Allegro's confidential information . . . by using without permission the Licensed Software for A10 products other than IDsentrie 1000."  *Id.* ¶ 44.  Similarly, with respect to its claim under Mass. Gen. Laws ch. 93, § 42 (Count III), Allegro generally invokes the language of the statute in asserting that A10 has "stolen, unlawfully taken, concealed, and or/copied, and/or by fraud or deception obtained with intent to convert Allegro's trade secrets to A10's own use." *Id.* ¶ 51.  However, the only specific conduct that Allegro alleges is the claim that A10 used "Allegro's software without license or permission in connection with products other than IDsentrie 1000, failing to report unauthorized uses of Allegro's software, and failing to respond to Allegro's inquiries regarding A10's unlawful conduct."  *Id.* ¶ 53.  There are no allegations that A10 acquired the "licensed software and algorithms" in which Allegro asserts trade secret rights by inducing another party to breach obligations of confidentiality, or that A10 disclosed the alleged trade secrets to any third party.

Even if Allegro's allegations were true (which A10 of course denies), there is nothing about these claims that distinguishes them from a garden-variety copyright claim.  As the U.S. Court of Appeals for the First Circuit has recognized, "a state law misappropriation claim will not escape preemption under § 301(a) simply because a plaintiff must prove that copying was not only unauthorized but also 'commercial[ly] immoral[,]' a mere 'label attached to [the same] odious business conduct.'" *Data Gen.*, 36 F.3d at 1165.  *See also Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 107 (D. Mass. 2001) ("[N]ot every trade secrets claim will survive preemption.") "Where plaintiff is alleging mere unauthorized exercise of one of the Section 106 rights [in claiming violation of a trade secret], preemption exists."  6 <u>Patry on Copyright</u> § 18:44 (2013).

5

In particular, "[c]laims of misappropriation of trade secrets that are based solely upon copying are qualitatively equivalent to copyright infringement, and are preempted." *Huckshold v. HSSL, L.L.C.*, 344 F. Supp. 2d 1203, 1209 (E.D. Mo. 2004); *accord Bieg v. Hovnanian Enters., Inc.*, No. 98-5528, 1999 WL 1018578, at *5 (E.D. Pa. Nov. 10, 1999); *see also Butler v. Cont'l Airlines, Inc.*, No. 01-2194, 2001 WL 1509545, at *3 (S.D. Tex. Nov. 19, 2001) ("Common law actions for conversion, unjust enrichment, and misappropriation of trade secrets are equivalent to copyright actions."). As the U.S. District Court for the Western District of Pennsylvania has stated,

> Courts recognize two distinct types of misappropriation of trade secrets: those based upon the use of plaintiff's work and those based upon the disclosure of material that a defendant has a duty to keep confidential. … Typically, claims based upon use are preempted while claims based upon disclosure are not, because they contain the extra element of violation of a duty.

*FedEx Ground Package Sys., Inc., v. Applications Int'l Corp.*, No. 03-1512, 2008 WL 4279751, at *16 (W.D. Pa. Sept. 12, 2008). *See also Relational Design & Tech., Inc. v. Data Team Corp.*, No. 91-2452, 1992 WL 97799, at *2 (D. Kan. Apr. 16, 1992) (in case involving copying of software, "[a]lthough a facial comparison of the torts of misappropriation of trade secrets and of copyright infringement would appear to repudiate defendants' preemption argument, a closer analysis of the facts alleged by plaintiff… reveals that the claims … are the same.").

The fact that Allegro's trade secret claims are limited to the use and integration of its software into derivative works, without any allegation of the wrongful acquisition or disclosure of the alleged trade secrets in violation of a duty, distinguishes this case from other trade secret cases that involve "the showing of the use of an improper means in breach of a confidential relationship" in addition to an allegation of copying. *See Tingley Sys.*, 152 F. Supp. 2d at 107 (D. Mass. 2001); *Data Gen.*, 36 F.3d at 1165 (trade secret claim survived preemption where jury

instructed that, under Massachusetts law, "[a]cquisition of a trade secret is wrongful ... if it is by theft of property known to belong to another, or by knowing participation in the breach of an express or implied confidentiality agreement by, for instance, a former employee or customer of Data General."). In *Tingley*, plaintiff Tingley Systems, Inc. alleged that defendant CSC Consulting, Inc. had a contractual obligation not to view the protected software in question, and used its existing relationship with a third party, Bay State Health Management, to induce Bay State's disclosure of Tingley Systems' confidential material, in violation of its express agreement. 152 F. Supp. 2d at 106-07 ("CSC's conduct went beyond mere copying and using the TSI software. Rather its conduct included obtaining access to the TSI software . . . ."). In *Data General*, plaintiff Data General Corp. alleged that defendant Grumman Systems Support Corp. not only copied plaintiff's protected software without permission, but that Grumman obtained the software "by participating in the breach of confidentiality agreements binding on former employees and service customers of" the plaintiff. 36 F.3d at 1165. Both cases involved a duty to preserve confidentiality, which the defendant breached in soliciting the disclosure of trade secrets by a third party bound against disclosure.

In contrast, Allegro *gave* A10 the alleged trade secret information, and allowed A10 to use the software in the creation of a derivative work. Compl. ¶¶ 10, 13. The Complaint makes no allegation – nor could it – that suggests that A10 induced the breach of a duty upon any employee or contracting party with Allegro in order to obtain the information. Although analysis of this Motion should not rely on arguments Allegro slips into other procedural filings, A10 notes that Allegro made a second attempt to articulate a non-preempted trade secret claim by stressing the confidentiality clause within the contract at issue. *See* Response to Mot. for Leave to Amend Answer at 2 (Dkt. #28). Even assuming a valid trade secret in the information

conveyed by Allegro, however, the mere notice of the existence of a trade secret in a contract is not sufficient to survive preemption; indeed, it is not even enough to make out a valid trade secret claim. *See Curtiss-Wright Corp. v. Edel-Brown Tool & Die Co., Inc.*, 407 N.E.2d 319, 323 (Mass. 1980) ("[O]ne must have notice of *both* the fact that the information claimed to be a trade secret is in fact secret *and* the fact that disclosure by the third person is a breach of duty before one is subject to liability for the use or disclosure of the trade secret" (emphasis added)). If that were the case, one could simply avoid all of the careful balancing constructed by Congress and the courts around the protectability of software by including an assertion that every piece of software licensed to a third party is a trade secret. *See* 17 U.S.C. § 117 (limiting the scope of protectability of software specifically); *Lotus Dev.*, 49 F.3d at 814-17 (articulating the delicate balance between what is protectable against copying in software and what is not).

It was the breach of a duty not to disclose induced by the defendants in *Data General* and *Tingley* that allowed those trade secret claims to survive preemption. Allegro's "trade secret" claims do not in fact turn on the secrecy of the information at issue or its disclosure in violation of a duty of confidentiality, but on its alleged use in a manner not authorized by Allegro.  That is nothing more or less than an assertion of the rights set forth in Section 106 of the Copyright Act, and is thus preempted by Section 301 of the Act.

### C.    Allegro's Chapter 93A Claim is Preempted.

This Court has routinely found Chapter 93A claims to be preempted in cases involving allegations of unauthorized copying or use of material.  *See, e.g.*, *Steele v. Turner Broad. Sys., Inc.*, 607 F. Supp. 2d 258, 263 (D. Mass. 2009) (93A claim based on unlawful copying preempted); *John G. Danielson, Inc. v. Winchester-Conant Properties, Inc.*, 186 F. Supp. 2d 1, 29 (D. Mass. 2002), *aff'd in relevant part,* 322 F.3d 26, 45 (1st Cir. 2003) (93A claim based on

8

"knowing and willful" copying preempted).  As with the trade secret claims discussed above, the focus of the preemption analysis is on "what the plaintiff seeks to protect."  *Henry v. Nat'l Geographic Soc'y*, 147 F. Supp. 2d 16, 23 (D. Mass. 2001).  Where a plaintiff seeks to protect its right to control use or republication of the work, the claim is equivalent to the rights set forth in Section 106.  *See id.*  (93A claim based on unauthorized reproduction of photographs preempted).

        To date, this Court has found Chapter 93A claims based upon copying or use of copyrighted works to survive preemption only in circumstances where there has been some additional unfair or deceptive conduct, such as an overt and public misrepresentation about the grant of a license, deception as to the origin or sponsorship of the goods in question, or deception in the acquisition of the material by the defendant.  *See, e.g.*, *Berklee Coll. of Music, Inc. v. Music Indus. Educators, Inc.*, 733 F. Supp. 2d 204, 212 (D. Mass. 2010) (93A claim including allegations of Lanham Act trademark violation not preempted); *Rubin v. Brooks/Cole Publ'g Co.*, 836 F. Supp. 909, 924 (D. Mass. 1993) (93A claim preempted to the extent that it is based on copying, but allowed to the extent that it is based on an overt misrepresentation that the defendant had a license from the plaintiff); *Patricia Kennedy & Co.*, 830 F. Supp. at 57-58 (holding that c. 93A claim based upon unauthorized use of commissioned logo image was preempted as asserting Section 106 rights, while c. 93A claim based upon deception in course of acquisition of logo not preempted).

        In this case, there is no alleged rascality beyond A10's use of Allegro's software and its failure to communicate with Allegro about that use.  Even if these allegations were sufficient for a trade secret claim to survive preemption (which they are not), the parallel Chapter 93A claim would still be preempted.  In *Tingley,* this Court held that a trade secrets claim premised upon

9

inducement of a third party to breach its confidentiality obligations to the plaintiff was not

preempted, but nevertheless held that Section 301 preempted a parallel Chapter 93A claim:

> [U]nlike a trade secrets claim, a chapter 93A claim does not require proof of
> improper means through the breach of a duty of confidentiality or trust. … TSI
> essentially complains about CSC's wrongful acquisition of its software.  The fact
> that it obtained such software from Bay State which was under a licensing
> agreement containing confidentiality provisions with TSI does not detract from
> the fundamental nature of CSC's conduct which was copying and using TSI's
> protected software.  The rights protected by chapter 93A, which do not require a
> showing of improper means in breach of a confidential relationship, in this
> instance are not qualitatively different from copying and use protected under
> section 106 of the Copyright Act.

152 F. Supp. 2d. at 108-09. *See also Data Gen. Corp. v. Grumman Sys. Support Corp.*, 795 F.

Supp. 501, 506 (D. Mass. 1992) ("To the extent that the unfair competition claim is, in essence, a

claim that Grumman unfairly competed by misappropriating Data General's protected software,

the claim is preempted because it is a restatement of, and fundamentally equivalent to, the

copyright infringement claim.").  Accordingly, this Court should hold that Count IV of Allegro's

complaint is also preempted by Section 301 of the Copyright Act.


## CONCLUSION

For the reasons cited above, Count II, Count III, and Count IV of the Complaint are

preempted by the federal Copyright Act.  Accordingly, this Court should enter a partial judgment

on the pleadings in A10's favor and dismiss Counts II, IIII and IV in their entirety.

Respectfully submitted,

**A10 NETWORKS, INC.,**


_____/s/ Michael S. Batson_____
Peter G. Hermes, BBO No. 231840
phermes@hermesnetburn.com
Michael S. Batson, BBO No. 648151
mbatson@hermesnetburn.com
Thomas J. Basile, BBO No. 675427
tbasile@hermesnetburn.com
HERMES, NETBURN, O'CONNOR
 & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA  02110-3113
Tel:  (617) 728-0050
Dated:  April 8, 2013      Fax:  (617) 728-0052


## CERTIFICATE OF SERVICE

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on April 8, 2013.


_____/s/ Michael S. Batson_____
Michael S. Batson

G:\DOCS\TJB\Clients\A10 Networks\Allegro\Pleadings\Memo in Support of Motion for Partial Judgment on the Pleadings.docx